## THE CITY OF DUQUOIN

*v.*

## W. A. KELLY.

*Announced orally December 9, 1898.*

1. MUNICIPAL CORPORATIONS—*section 9 of article 7 of City and Village act, concerning deposit of funds, construed.* Section 9 of article 7 of the City and Village act, (Rev. Stat. 1874, p. 228,) providing that a city may, by ordinance, require the treasurer to keep the city funds in a "regularly organized bank," contemplates a bank organized under the State law or an act of Congress, and not a private bank owned by an individual.

2. SAME—*treasurer cannot be compelled to deposit city funds in private bank.* A city treasurer cannot be compelled by *mandamus* to deposit city funds in a private bank designated by ordinance, notwithstanding the provision of section 9 of article 7 of the City and Village act, requiring a bond from the bank so designated.

MOTION for leave to file petition for *mandamus.*

SILAS H. REID, for relator.

Mr. CHIEF JUSTICE CARTER announced the opinion of the court:

The city of DuQuoin has entered a motion for leave to file a petition for *mandamus* to compel the city treasurer of that city to deposit the funds of the city in the Bank of DuQuoin, this being the bank of one Henry Horn. The city council, it seems, passed an ordinance designating that bank as the depository of its funds, and directed the city treasurer to comply with the ordinance and make the deposit. He declined to do so.

The statute provides that city councils may, by ordinance, designate the place or places for the deposit of city funds, provided, however, that such moneys shall be deposited in a "regularly organized bank." (Rev. Stat. 1874, p. 228, sec. 9). The question here is whether the bank of Henry Horn, in which the council directed the treasurer to make the deposit, is, within the meaning of

this act, a "regularly organized bank." The petition al-
leges, in general terms, that it is such bank, but states
specifically that it is the bank of Henry Horn,—that he
is the owner and proprietor of the bank. It therefore
appears from the petition which the city asks leave to
file, that this is a private bank, owned, conducted and
managed entirely by Henry Horn as proprietor.

The legislature has passed an act providing for the
incorporation and organization of banks, and making the
stockholders liable, over and above their stock, to an
amount equal to the stock held by them. The act of
Congress providing for the organization of national banks
contains similar provisions. The State law provides that
in cities and villages having a population not to exceed
five thousand the capital stock shall be $25,000, and it is
graded up according to the population. It provides the
manner of organizing banks, requires detailed reports
from time to time of their resources and liabilities, and
makes provision for their inspection and examination by
competent persons under the authority of the State Au-
ditor. We are of the opinion that the term "regularly
organized bank," in the City and Village act, means a
bank organized either under the State law or the act of
Congress, and that it was not intended by the legislature
that a city officer who has given bond for the safe keep-
ing of the funds in his hands should be required to deposit
them in a private bank. There would seem to be no more
reason for that than there would be for turning the funds
over to a private individual. It is true, provision is made
that such banker or bankers shall give bond; but we do
not think this alters the case.

We think the legislature intended that some bank
regularly organized under the law should be designated.
The motion for leave to file the petition will therefore be
denied.                                     *Motion denied.* ·